```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                     :
UNITED STATES OF AMERICA                             :
                                                     :    **MEMORANDUM & ORDER**
              -against-                              :    06-cr-413 (DLI)
                                                     :
RAMEL FISHER,                                        :
                                                     :
                        Defendant.                   :
                                                     :
------------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court is Defendant Ramel Fisher's ("Fisher") motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("the Fair Sentencing Act"), and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("the First Step Act"). *See,* Def.'s Mem. Of Law ("Def.'s MOL"), Dkt. Entry No. 950. The government opposed the motion. *See,* Gov't. Opp'n ("Opp."), Dkt. Entry No. 564. Fisher replied. *See,* Def.'s Reply ("Reply"), Dkt. Entry No. 967. For the reasons set forth below, Fisher's motion for a reduction in sentence is granted.

## BACKGROUND

On June 8, 2006, Fisher was arrested on New York State charges, including second degree murder, and, thereafter, was transferred by writ *ad prosequendum* to this district to face narcotics distribution conspiracy charges. *See,* Def.'s MOL at 1. On March 30, 2007, pursuant to a plea agreement he entered into with the government, Fisher, *inter alia,* pled guilty, before the Hon. Ramon E. Reyes, Jr., U.S. Magistrate Judge, to one count of conspiracy to distribute at least 50 grams of crack cocaine ("crack cocaine") in violation of 21 U.S.C. §§ 841(b)(1)(a) and 846. *See*, Guilty Plea Transcript ("Plea Tr."), Dkt. Entry No. 215. At his plea hearing, Fisher allocuted to conspiring with others to sell "at least fifty grams" of crack cocaine in Brooklyn. *Id.* at 18.

On December 18, 2007, the Court adopted the magistrate judge's recommendation, accepting Fisher's guilty plea and sentenced Fisher to the then mandatory statutory minimum of 240 months of imprisonment followed by the mandatory minimum of 120 months of supervised release as Fisher previously had been found of a felony drug offense. *See*, Sentence Transcript ("Sent. Tr."), Def.'s Ex. C, Aff. in Support, Dkt. Entry No. 949. This sentence exceeded the then-applicable United States Sentencing Guidelines ("USSG") range of 151-188 months of imprisonment. *Id.* at 10.

Thereafter, Fisher was returned to state custody and, on August 18, 2008, was sentenced to a five-year term of imprisonment to be served consecutively to his federal sentence. *See*, Def.'s MOL at 2. Fisher remained in state custody until December 13, 2012 when he completed his state sentence and was transferred to federal custody to complete serving his federal sentence. *Id.* According to the Bureau of Prisons, Fisher is scheduled for release from federal custody on July 18, 2029. *Id.* The instant motion followed.[1]

## DISCUSSION

Among other changes effectuated to the federal sentencing laws, Section 2 of the Fair Sentencing Act of 2010 increased the amount of crack cocaine required to trigger a ten-year mandatory minimum sentence under 21 U.S.C. § 841 from 50 to 280 grams and the amount required to trigger a five-year mandatory minimum sentence from five to twenty-eight grams. *See*, *Dorsey v. United States*, 567 U.S. 260, 269 (2012); *United States v. Martin,* 974 F.3d 124, 131 (2d. Cir. 2020). However, the sentencing reductions available under the Fair Sentencing Act did not

---

[1] Also pending is Fisher's motion to modify, reduce or vacate his conviction pursuant to 28 U.S.C. § 2255 under Dkt. Entry No. 834 in this case and *Fisher v. United States,* Docket No. 15-cv-5395(DLI), and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 under *Fisher v. Hudson,* 16-cv-6922(DLI)(LB), both of which are rendered moot by this decision and order.

2

apply retroactively to defendants like Fisher already had been sentenced prior its passage. *Dorsey*, 567 U.S. at 282; *United States v. Bryant,* 991 F.3d 452, 454 (2d Cir. 2021).

The First Step Act of 2018, *inter alia,* made the sentence reduction provisions of the Fair Sentencing Act retroactive. Section 404(b) of the First Step Act provides, in pertinent part, that a "court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) of the First Step Act defines a "covered offense" eligible for a sentence reduction as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."

In opposing Fisher's motion for a reduced sentence, the government contends that Fisher's offense of conviction is not a "covered offense" under the First Step Act because the phrase "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act […] refers to the word "violation," rather than the words "Federal criminal statute." Opp'n at 4-5. Thus, the government argues, a defendant's eligibility for a sentence reduction hinges on whether Congress reduced the statutory penalties associated with the defendant's "violation," that is, the defendant's actual offense conduct. *Id.* In other words, the First Step Act does not render a defendant eligible for a reduction in sentence simply because the Fair Sentencing Act lowered the mandatory minimum penalties in a statute pursuant to which the defendant was convicted. The government concludes that a defendant is ineligible for a sentence reduction under the First Step Act if a defendant was responsible for the distribution of a drug type and quantity sufficient to trigger the same mandatory minimum sentence, even after making the fair Sentencing Act adjustments.

The government claims that is the case here. At Fisher's sentencing hearing, the government objected to the Probation Department's Presentence Investigation Report ("PSR") because it failed to hold Fisher personally accountable for the full drug quantity of 1.5 kilograms of crack cocaine distributed by Fisher's co-conspirators that the government maintained was reasonably foreseeable to him. *See*, Opp'n at 2. Consistent with its approach in sentencing Fisher's co-conspirators, the Court adopted the government's position on this issue for purposes of calculating the appropriate Guidelines range. Sent. Tr. at 4-7. The government argues that, because Fisher was held responsible for distribution of 1.5 kilograms of crack cocaine for purposes of the Court's USSG calculation, which was well in excess of the 280 grams that remains sufficient, even after passage of the Fair Sentencing Act, to trigger a twenty-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), Fisher is ineligible for a sentence reduction. The government further argues that, according to the PSR, Fisher's offense conduct also involved the sale of five kilograms or more of powder cocaine and, as the penalties applicable to powder cocaine were not changed by the Fair Sentencing Act, no sentence reduction is available to Fisher under the First Step Act. *See*, Opp'n at 5.

The Court rejects the government's statutory construction of Section 404(a) of the First Step Act and contention that Fisher is eligible for a sentence reduction under that Act as contrary to the ordinary rules of statutory construction and the case law of the courts of this Circuit. First, the plain language of Section 404(a) indicates that the phrase "the statutory penalties for which" modifies the term "statute" and not the term "violation." Consistent with ordinary English grammar and usage, courts generally interpret modifiers, here the phrase "the statutory penalties for which," as relating to the closest noun, in this case, the word "statute." *See*, *United States v. Rose*, 379 F. Supp.3d 223, 228 (S.D.N.Y. 2019) (citing *Lopez v. Gonzales*, 549 U.S. 47, 56 (2006)).

Even assuming, *arguendo*, that the use of the word "violation" introduces some ambiguity in the statute's meaning, the ambiguity must be resolved in Fisher's favor in accordance with the rule of lenity. *See*, *United States v. Jerome Martin*, 2019 WL 2571148, at *2 (E.D.N.Y. June 20, 2019) ("[I]n the face of an ambiguous criminal statute or sentencing guideline, the rule of lenity resolves ambiguities in favor of the defendant.") (citing *United States v. Fields*, 113 F.3d 313, 325 (2d Cir. 1997)).

The government's interpretation also would foreclose the possibility of a sentence reduction under the First Step Act for defendants who, at the time of sentencing, had little reason to contest the drug quantity for which they were being held responsible for purposes of calculating the applicable Guidelines range. *See*, *Rose*, 379 F. Supp.3d at 229-30 ("To preclude defendants from seeking relief on the basis of facts that may have had little significance at the time they were determined would be draconian and contrary to the remedial purpose of the First Step Act."). As reflected in the record here, the USSG were of limited significance due to the statutory minimum in effect at the time. *See*, Plea Tr. at 14-15 (Magistrate Judge stating that the Guidelines "range is actually under the minimum sentence for this crime . . . [so Judge Irizarry] can decide upon and impose a sentence that is more severe than the Guidelines but unfortunately in this case, I don't think she can impose a sentence that's less severe."); Sent. Tr. at 10 (the Court stating that, "[A]s both counsel have correctly pointed out, the mandatory minimum sentence here is 240 months or twenty years. And, of course, the statutory minimum trumps the guidelines . . .").

Notably, the record here is clear that Fisher pled guilty to distributing fifty grams of crack cocaine, not 1.5 kilograms of crack cocaine or five kilograms of powder cocaine as noted by Fisher in his Reply and guilty plea allocution. During Fisher's guilty plea colloquy, the magistrate judge informed Fisher that count one of the superseding indictment, the count to which he would plead

5

guilty, charged him with "a conspiracy to possess with the intent to distribute crack cocaine." Plea Tr. at 6. Fisher allocuted to distributing "at least fifty grams" of crack cocaine, without objection from the government:

> THE COURT: Okay. Why don't you tell me in your own words, what it is you did that's causing you to plead guilty?
>
> FISHER: On January '04 until I got locked up in '05 and after I came home, I willingly conspired to sell drugs in the community of Brooklyn.
>
> THE COURT: Okay and the drugs that you were selling was with crack cocaine?
>
> FISHER: Crack cocaine, yeah.
>
> THE COURT: And you conspired with others to do that?
>
> FISHER: Yes, at least fifty grams.
>
> THE COURT: Do you think I need any further allocution?
>
> [THE GOVERNMENT]: Not regarding the crime.
>
> THE COURT: Okay. Counsel?
>
> [DEFENSE COUNSEL]: No, Judge.
>
> THE COURT: I don't either.

Plea Tr. at 17-18.

The PSR did note that Fisher was "accountable for a conservative estimate of at least 500 but less than 1.5 kilograms of crack-cocaine, in addition to five kilograms of powder cocaine." PSR ¶ 18. However, even if this statement could support the imposition of a statutory minimum sentence under 21 U.S.C. § 841(b)(1), the government erroneously suggests that the Court "adopted" the PSR writ large at sentencing. *See*, Opp'n at 5. The Court accepted, and defense counsel did not object, to the use of a drug quantity of 1.5 kilograms of crack cocaine for purposes of calculating the applicable Guidelines range. Sent. Tr. at 5-7. The Court did not make any

specific finding as to the drug quantity of powder cocaine referenced in the PSR. It was Fisher's plea of guilty, as charged in the indictment, to conspiracy to sell fifty grams or more of crack cocaine that is operative here as noted by Fisher in his Reply. *See,* Reply at 4-6. Eligibility is controlled by the statute of conviction, not a defendant's actual conduct. *See, United States v. Holloway,* 956 F.3d 660 (2d Cir. 2020); *Jerome Martin*, 2019 WL 2571148, at *2(collecting cases).

Notably, the Second Circuit has held that a First Step Act sentence reduction motion is based on the Act's "own explicit statutory authorization," and any reduction is not required to "comport" with any USSG policy statement. *Holloway,* 956 F.3d at 664-665. Accordingly, the estimated quantities of crack and powder cocaine noted in the PSR do not bar Fisher's eligibility for a sentence reduction under the First Step Act. This Court joins the majority of others within and outside the Second Circuit that have concluded "it is the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *United States v. Davis*, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019); *Accord*, *Rose*, 379 F. Supp.3d at 230 (collecting cases). Fisher pled guilty to distributing fifty grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii). As the mandatory minimum penalties for violating this statute were modified by the Fair Sentencing Act, this Court has the discretion to impose a reduced sentence under the First Step Act.

Having concluded that Fisher is eligible for a sentence reduction, the Court next must determine whether to exercise its discretion under the First Step Act to reduce Fisher's sentence. *See*, First Step Act, Section 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."); *United States v. Moore,* 975 F.3d 84, 89(2d Cir. 2020)(The Court must conduct a two-part inquiry in deciding a First Step Act sentence reduction

motion: (1) determine eligibility; and (2) determine whether and to what extent the court should exercise its discretion to reduce the sentence. Should the Court decide to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed," the Court would do so under the provisions of 21 U.S.C. § 841(b)(1)(B), which identifies the statutory penalties currently in force for distribution of twenty-eight grams or more of crack cocaine. *See*, First Step Act, Section 404(b).

Under the version of 21 U.S.C. § 841 that was operative at the time of Fisher's sentencing, defendants were subject to doubled mandatory minimum sentences if they had committed a prior "felony drug offense." This provision made Fisher subject to a twenty-year, rather than ten-year, mandatory minimum term of imprisonment at the time of his sentencing. Today, defendants convicted of conspiracy to distribute twenty-eight grams or more of crack cocaine under 21 U.S.C. § 841(b)(1)(B) as modified by Section 401(c) of the First Step Act are subject to a mandatory minimum sentence doubled from five to ten years if they have been convicted of a "serious drug felony." *See*, 21 U.S.C. § 802. Fisher asserts that his prior "felony drug offense" does not meet the new "serious drug felony" definition and, therefore, is subject to a five-year and not a ten-year mandatory minimum sentence. Mem. at 2-3.

As the government observes, whether or not Fisher's prior offense qualifies as a "serious drug felony," Section 401(c) of the First Step Act, which altered the definition of a prior conviction that could result in a sentence enhancement under 21 U.S.C. § 841, does not apply retroactively. The Second Circuit so held in *United States v. Bryant,* 991 F.3d 452(2d Cir. 2021) in addressing this question as an issue of first impression. Thus, Fisher remains subject to an enhanced mandatory minimum sentence of ten years of imprisonment and eight years of supervised release

8

to follow because of his prior drug conviction.[2]  *See also*, *United States v. Mason*, 2019 WL 2396568, at *6 (E.D. Wash. June 6, 2019) (finding enhanced ten-year mandatory minimum sentence applies to conviction under 21 U.S.C. § 841(b)(1)(B) with prior drug conviction because Section 401(c) of First Step Act is not retroactive).

Perhaps implicitly conceding that a ten-year minimum sentence is mandatory, Fisher seeks a reduced sentence of 120 months.  *See*, Reply at 7.  Fisher cites his rehabilitated post-sentence conduct in support of his motion for a sentence reduction, which the Court may properly consider.  *See*, *Rose*, 379 F. Supp.3d at 231-35 (finding it appropriate to consider defendant's post-sentence conduct when considering a sentence reduction under the First Step Act) (citing *Pepper v. United States*, 562 U.S. 476, 480 (2011); *Simons*, 375 F. Supp.3d at 388 (accord); *Jerome Martin*, 2019 WL 2571148, at *3(the Court may consider 28 U.S.C. § 3553(a) factors in reducing sentence).

Fisher apparently has made beneficial use of his time in prison.  At Fisher's sentencing, the Court stated its hope that Fisher would not wait to be released from prison before obtaining his General Equivalency Diploma ("G.E.D.") and pursuing vocational training. Sent. Tr. at 14.  While in prison, Fisher obtained his GED as engaged in job training in several fields.  Def.'s MOL at 4. He also has completed multiple drug rehabilitation programs, including more than two-thirds of a 300-hour program that will allow him to become a certified alcohol abuse counselor, as well as anger management and parenting courses.  Def.'s MOL at 4; Aff. in Support, Ex. 4.  Fisher has maintained his relationships with his mother and sister and, in his submission to the Court, he expresses his eagerness to "further [his] education, find employment and actively become a

---

[2] Per an Addendum to the PSR filed on November 30, 2015 by the U.S. Probation Department ("Addendum") in response to Fisher's request for a sentence reduction due to an amendment to the crack cocaine offense level guidelines, Fisher's amended USSG range, based on a Total Offense Level of 28 and Criminal History Category of IV, is now 110-137 months.  *See,* Addendum, Dkt. Entry No. 853.  As the original statutory minimum of 240 months' imprisonment was still in effect at the time the Addendum was filed, this revised USSG calculation had no effect.

positive role model in my daughter['s] life, my family and the community." Aff. in Support, Ex. 4.

However, Fisher's post-sentence conduct has not been entirely laudable. Between 2007 and 2015, Fisher incurred eight disciplinary incidents while in custody, including use or possession of drugs or alcohol on two occasions and one instance of possessing a dangerous weapon. *See*, Addendum. Fisher was indicted for possession of marijuana while serving his term of incarceration, pled guilty to the charge, and was sentenced to a term of imprisonment of four months, to run consecutively with his sentence in this case.[3] *See*, *United States v. Fisher*, 8:14-cr-460 (N.D.N.Y. 2015), Judgment, Dkt. Entry No. 12. Commendably, since September 4, 2015, Fisher has not incurred any additional disciplinary infractions. *See*, Second Addendum to PSR, Dkt. Entry No. 1001.

In light of Fisher's efforts to improve himself during his incarceration, the approximately six years that have elapsed since his last disciplinary infraction, and the difficult conditions in all facilities of the Bureau of Prisons caused by the Covid-19 pandemic, the Court agrees that a reduced statutory minimum sentence of 120 months of imprisonment followed by the mandatory minimum term of supervised release of eight years, is "sufficient, but not greater than necessary" to achieve the sentencing goals set out in 18 U.S.C. § 3553(a). This sentence falls squarely within the currently applicable Guidelines range of 110 to 137 months, which reflects point reductions due to Fisher's minor role in the conspiracy and his timely acceptance of responsibility. *See*, Addendum.

---

[3] The Addendum to the Presentence Report erroneously states that Fisher's four-month sentence was for conspiracy to distribute and possess with intent to distribute crack cocaine. The drug at issue was marijuana. *See*, Dkt. Entry No. 853.

In light of Fisher's having obtained his GED as well as his participation in educational and substance abuse treatment programs, the original special conditions of supervised release are modified to include only the following conditions:

(1) The defendant shall not possess any firearm, ammunition or destructive device;

(2) Defendant must maintain lawful, verifiable employment;

(3) The search condition originally imposed shall remain in effect. The defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must be conducted in a reasonable manner and at a reasonable time. The defendant's failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to search pursuant to this condition; and

(4) Defendant shall submit to random drug testing to insure abstinence from alcohol, marijuana, and/or any illicit drug use. If defendant is prescribed medication by a licensed physician, defendant must provide proof thereof to the Probation Department.

The Probation Department is directed to advise the Court immediately of any non-compliance by defendant of any of the special or mandatory conditions of supervised release.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION AND ORDER

For the reasons set forth above, Fisher's motion for a sentence reduction pursuant to Section 404(b) of the First Step Act is granted. Accordingly, it is hereby

ORDERED that:

(1) Fisher's term of imprisonment is reduced from 240 months to 120 months.

(2) Fisher's term of supervised release to follow his term of incarceration is reduced from 120 months to 96 months, and the original special conditions of supervision are modified as set forth above. All other terms and conditions of Fisher's original sentence shall remain in full force and effect.

(3) The government is directed to provide a copy of this Memorandum and Order FORTHWITH to the defendant, Ramel Fisher, the United States Marshals Service, and the United States Bureau of Prisons and file proof of such service with the Court within five days thereafter.

(4) This Order is STAYED for up to fourteen (14) days for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release to the community consistent with appropriate COVID-19 Pandemic protocols.

(5) The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel consistent with all pertinent COVID-19 Pandemic protocols. There shall be no delay in ensuring travel arrangements are made. If more than fourteen (14) days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties immediately shall notify the Court and show cause why the stay should be extended.

(6) The defendant must report to the U.S. Probation Department of the Eastern District of New York within 72 hours of having been released from custody and provide the complete address where he will reside because it was not included in the motion for sentence reduction.

SO ORDERED.

Dated: Brooklyn, New York
       June 22, 2021

                                              /s/
                                   DORA L. IRIZARRY
                              United States District Judge